(Pleito No. 200.—Fallado el 9 de Junio de 1902.)

GARROSI contra DASTAS.

RECURSO contra sentencia dictada por la Corte de Distrito de Ponce.

1.—PLEITO CIVIL POR DIVORCIO. La absolución en una causa criminal por adulterio no constituye impedimento para un pleito civil sobre divorcio contra la misma persona.

2.—Las acciones que nacen de un delito ó falta pueden ejercitarse junta ó separadamente, pero la acción de divorcio no puede ejercitarse juntamente con la acción criminal en la querella por adulterio.

3.—Las palabras *reconciliación* y *remisión* significan borrar la ofensa imputada, de modo que el ofensor vuelva á ocupar, respecto del ofendido, la misma posición que ocupaba antes de que se cometiera la ofensa. La *reconciliación* y *remisión* tienen que acreditarse con pruebas tales que no dejen duda de ninguna clase.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, el día nueve de Junio de mil novecientos dos, en el pleito de divorcio seguido por el recurrente, Tomás Garrosi y Pietri, contra la recurrida Juana Dastas; siendo representado en este Tribunal, el primero, por Don Herminio Díaz Navarro, y no compareciendo nadie por la recurrida.—Resultando: Que el día veinte y dos de Mayo de mil novecientos uno, Tomás Garrosi y Pietri, por conducto de su Abogado, Don Carlos López de Tord, presentó ante el Tribunal de Distrito de Ponce una solicitud contra su esposa, Juana Dastas, para obtener divorcio absoluto y disolución de los vínculos de matrimonio existentes entre los dos, con motivo del adulterio de dicha Juana Dastas, con un tal Miguel Angel Rivera.— Resultando: Que habiéndose citado debidamente la demandada, ésta compareció ante el Tribunal, y dentro del tiempo oportuno, representada por su Abogado Don Francisco Parra Capó, presentó contestación á la demanda, negando el adulterio y formulando recriminaciones del mismo carácter contra su marido, y alegando, además, tratamiento cruel por parte de este último, para que por ese fundamento se decretara el divorcio; y como excepción de cosa juzgada alegó también

que el recurrente Garrosi, en el mes de Octubre de mil nove-
cientos inició ante el Tribunal de Distrito de Ponce procedi-
mientos criminales contra ella y dicho Miguel Angel Rivera,
por adulterio, de cuya acusación fueron absueltos por senten-
cia, contra la que interpuso el referido Garrosi recurso de
casación ante el Tribunal Supremo, cuyo Tribunal confirmó
la decisión del Tribunal sentenciador.—Resultando: Que el
demandante, al replicar, negó en absoluto las alegaciones
contenidas en la contestación, manifestando que dicha causa
criminal no era un impedimento para la presente demanda
de divorcio.—Resultando: Que examinadas todas las pruebas
presentadas ante la Corte del Distrito, eliminando todo aque-
llo que fué simplemente de referencia é inaplicable, pero
apreciando aquella parte que es admisible y pertinente,
resaltan los hechos siguientes:—Que el recurrente y la recu-
rrida se casaron legalmente el día doce de Mayo de mil
ochocientos ochenta y seis, en el pueblo de Yauco, en la Isla
de Puerto Rico, viviendo juntos hasta fines de Noviembre de
mil ochocientos noventa y ocho, en que Juana Dastas, con
motivo de un incidente insignificante y desavenencia con
una hermana del recurrente, abandonó marido y hogar,
fijando su residencia con dos de sus hermanas que vivían en
el mismo pueblo; que mientras permaneció allí, su marido
le enviaba la suma de cincuenta dollars; que durante todo
el período de su vida conyugal, no tuvieron hijos; que la
recurrida vivió con sus hermanas hasta fines del mes de
Diciembre de mil ochocientos noventa y nueve; y durante
ese tiempo recibió frecuentes visitas de Miguel Angel Rivera,
quien tuvo para con ella más atenciones que las ordinarias;
que en varias ocasiones se les vió juntos bajo circunstancias
sospechosas, al extremo de que esto disgustó á sus hermanas
que la reconvinieron por lo impropio de su conducta; que
en varias ocasiones fué visto Rivera entre la media noche y
la madrugada saltar por el antepecho de la puerta de la
habitación de la recurrida; que ésta, á fines del mes de Di-
ciembre de mil ochocientos noventa y nueve, sin avisar á sus

hermanas, salió de noche en coche con Rivera para Ponce, donde ambos empezaron á vivir juntos en cierta casa perteneciente á dicho Rivera, y en cuya casa no había más que una cama, demostrando, además, las pruebas que en la tarde de cierto día del citado Diciembre, cuando la recurrida se encontraba en condiciones de próximo alumbramiento, Rivera la condujo á una casa más pequeña, situada en lugar menos visible que aquél en que habían vivido antes, donde, durante la misma noche, dió á luz una niña, siendo la recurrida asistida por una comadrona y una mujer ayudante, estando también presente dicho Rivera durante el parto, acariciando y consolando á la recurrida, y dicho parto ocurrió más de un año después de haber la recurrida abandonado á su marido; que dicho Rivera entregó la niña recién nacida á una mujer para criarla; pero que dicha niña murió cuando tenía cuatro meses, más ó menos.—Resultando: Que el Tribunal, en una sentencia muy extensa, declaró sin lugar la demanda de divorcio y la reconvención formulada para que por malos tratamientos se declarara con lugar, sin especial condenación de costas.—Resultando: Que contra dicha sentencia el recurrente interpuso recurso de casación por infracción de ley, autorizado por los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:—Errores de hecho y de derecho en la apreciación de las pruebas testifical y documental, con violación del artículo 1,248 del Código Civil y 658 de la Ley de Enjuiciamiento Civil, por no haber aceptado el testimonio de testigos cuya veracidad no ha sido tachada y haberse dado á la sentencia dictada en la causa de adulterio un alcance que no tiene.—Error de derecho, por estimar el Tribunal que una causa criminal por adulterio sea un impedimento para un pleito civil sobre divorcio, con lo cual el Tribunal ha infringido el artículo 1,252, en relación con el párrafo 2 del artículo 1,251, del Código Civil.—Violación de la doctrina jurídica consignada en las sentencias del Tribunal Supremo de España, de veinte y cuatro de Febrero

de mil ochocientos ochenta, veinte y cuatro de Marzo, veinte y cinco de Junio y treinta de Octubre de mil ochocientos ochenta y cuatro, y diez y seis de Febrero de mil ochocientos ochenta y ocho, en consonancia con las de once de Mayo de mil ochocientos ochenta y seis, y veinte y siete de Enero de mil ochocientos ochenta y siete, que precisa la existencia de la condición *eadem causa petendi* para aplicar el principio de derecho *non bis in idem*, generador de la excepción de cosa juzgada.—Infracción de la Sección 8ª del Acta del Congreso de doce de Abril de mil novecientos, conocida por la "Ley Foraker", en relación con los artículos 18, inciso 1º del 19, 20 y 22 de la Orden Judicial de diez y siete de Marzo de mil ochocientos noventa y nueve, toda vez que, acreditado el adulterio de la Sra. Dastas, no se ha concedido un divorcio absoluto en la separación definitiva y absoluta de los cónyuges.—Resultando: Que el Fiscal del Tribunal de Distrito de Ponce, no compareció en este pleito ante dicho Tribunal, según lo exige la ley; pero en el acto de la vista de esta causa ante el Tribunal Supremo, el Fiscal General Auxiliar compareció en la misma, manifestando que se adhería al recurso por estimarlo bien fundado, y que en su opinión debía anularse la sentencia y concederse el divorcio tal como se había solicitado.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que el matrimonio de los litigantes ha sido admitido por ambas partes, y además de esto, se ha debidamente probado por prueba documental que obra en los autos.—Considerando: Que los hechos arriba mencionados son claros, positivos y convincentes, y por su naturaleza bastante para determinar prueba concluyente ante este Tribunal de que la demandada ha cometido adulterio.—Considerando: Que el Tribunal de Distrito de Ponce denegó el divorcio especialmente por la razón de que en la causa criminal seguida contra Juana Dastas y Miguel Rivera por adulterio, ambos habían sido absueltos, y que en otra causa criminal seguida contra dicha Juana Dastas por abandono de una niña se había sobreseído

libremente; estimando aquella Corte de Distrito que la decisión de dichas causas criminales era un impedimento para el presente pleito civil sobre divorcio, atendido el texto del artículo 116 de la Ley de Enjuiciamiento Criminal.—Considerando: Que se ha aplicado erróneamente el artículo que se acaba de citar, pues esta disposición por su espíritu y por el título en que está contenida, se refiere á la acción civil que nace ó dimana de los delitos y faltas para conseguir la responsabilidad civil á que se contraen los artículos 16 y 119 del Código Penal, pero en manera alguna puede aludir á la acción de divorcio, fundada en el adulterio, porque este delito, según el artículo 447 del Código Penal, no trae aparejada restitución, reparación ó indemnización de perjuicios, debido á que el sabio legislador sin duda pensó que ninguna indemnización podía ser adecuada ante la magnitud de los sufrimientos y penas del corazón contristado del consorte ofendido, y ante la destrucción y ruptura de los sagrados lazos de la familia, estando por consiguiente fuera del poder humano toda reparación y compensación por los daños y desgracias causados.—Considerando: Que según el artículo 111 de la Ley de Enjuiciamiento Criminal citada, las acciones que nacen de un delito ó falta pueden ejercitarse junta ó separadamente, pero la acción de divorcio no puede ejercitarse juntamente con la acción criminal en la querella por adulterio, y esta es otra razón más que convence del error cometido al aplicar el artículo 116 al caso concreto de que se trata.—Considerando: Que la verdadera y única excepción de cosa juzgada que puede de modo vago relacionarse con la cuestión debatida, y que está prevista en el primer apartado del artículo 451 del Código Penal, es distinta en el concepto y en sus efectos á la estimada por el Tribunal sentenciador, y por consiguiente no puede invocarse ni á *contrario sensu,* ni por analogía para resolver el problema jurídico planteado. —Considerando: Que la Corte de Distrito de Ponce, en su sentencia, acepta como probado el hecho de que durante la vida matrimonial del demandante y la demandada no hubo

sucesión, ó lo que es lo mismo, que durante todo el período de su vida matrimonial, que comenzó en el mes de Mayo del año mil ochocientos ochenta y seis hasta el día siete de Noviembre de mil novecientos uno, siendo esta última fecha la de la sentencia de la Corte de Distrito de Ponce, no procrearon hijos; y á pesar de esto, ese Tribunal estimó que aun cuando se hubiera justificado que Juana Dastas había dado á luz, no se probó que su esposo, desde la fecha en que ella le abandonó, no había tenido trato carnal con ella, exigiendo así al recurrente la prueba de una negativa absoluta, lo cual es contrario á los principios de derecho admitidos por todos los países civilizados.—Considerando: Que la Corte de Distrito estima también que las sumas mensuales dadas por el demandante á la demandada, durante el período de tiempo que ésta vivió separada de aquél y con sus hermanas, equivalen á una reconciliación ó remisión entre marido y mujer, cuya apreciación es contraria á la decisión de este Tribunal en el pleito de *Bravo contra Franco y Soto* en el cual este punto fué detenidamente considerado, habiéndose decidido que las palabras "reconciliación" y "remisión" significan borrar la ofensa imputada, de modo que el ofensor vuelva á ocupar respecto del ofendido la misma posición que ocupaba antes de que se cometiera la ofensa; y no habiendo prueba de que existiera tal reconciliación ó remisión, las que según la expresión de este Tribunal en dicha sentencia, *"tienen que acreditarse con pruebas tales que no dejen duda de ninguna clase"*, es claro que la Corte de Distrito no ha podido admitir reconciliación ó remisión del recurrente con la recurrida.— Considerando: Que aunque el Fiscal de la Corte de Distrito de Ponce no compareció ante dicho Tribunal al celebrarse el juicio, el Fiscal auxiliar de este Tribunal se adhirió al recurso en el acto de la vista, quedando así subsanada cualquier falta sobre el particular.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación interpuesto, y en su consecuencia casamos y anulamos la sentencia recurrida en la parte que ha sido materia del recurso; y con la que á

continuación se dicta, comuníquese al Tribunal de Ponce á los fines procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández,—José Mª Figueras. —Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á nueve de Junio de mil novecientos dos.—Antonio F. Castro, *Secretario*.